**HINDS COUNTY, MISSISSIPPI,**
Plaintiff,

v.

**WACHOVIA BANK N.A.,**
et al., Defendants.

**In re Municipal Derivatives
Antitrust Litigation.**

No. 08 Civ. 2516 (VM).
08 MDL No. 1950.

United States District Court,
S.D. New York.

July 30, 2013.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

By letter dated June 11, 2013, Plaintiff, the State of West Virginia ("West Virginia"), requested leave to file a second amended complaint that would: (a) reflect the name of West Virginia's new Attorney General; (b) modify the allegations to account for facts developed since the filing of the first amended complaint; (c) remove defendants that have been dismissed; and (d) reinstate West Virginia's claims against GE Funding Capital Market Services, Inc. ("GE Funding") and add GE-related entities Trinity Plus Funding Co., LLC and Trinity Funding Co., LLC as named defendants (collectively with GE Funding, the "GE Entities"). The Court construes West Virginia's letter as a motion for leave to file a second amended complaint.

This Court previously dismissed West Virginia's claims against GE Funding on April 28, 2011 after determining that West Virginia failed to state a claim. *See* Decision and Order at 31, Apr. 29, 2011, Dkt. No. 1315. The Court granted the dismissal "subject to reinstatement of the claims upon a sufficient showing by West Virginia during the course of discovery of facts supporting a plausible inference that GE Funding participated in the alleged conspiracy." *Id.* at 31–32.

Since that time, three former GE Funding employees have been prosecuted for conspirational conduct related to West Virginia's claims against GE Funding. *See United States v. Carollo*, No. 10 Cr. 653 (S.D.N.Y.) (the "Carollo Trial"). On May 11, 2012, all three were found guilty by a jury of participating in a conspiracy to defraud the United States Government. Appeals in that case are pending. GE Funding argues that by waiting for more than a year after the Carollo Trial, West Virginia has engaged in impermissible dilatory conduct. West Virginia contends that, because appeals in the Carollo Trial are still pending, it cannot be faulted for choosing to review both trial transcripts and the appellate briefs before seeking to amend its complaint.

## I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15 ("Rule 15"), a party seeking to amend its complaint over an opposing party's objection must obtain leave of court to do so. *See* Fed.R.Civ.P. 15(a). Prior to trial, leave to file an amended complaint "shall be freely given" in the absence of factors such as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *see also Milanese v. Rust–Oleum Corp.*, 244 F.3d 104, 110 (2d Cir.2001).

## II. DISCUSSION

The Court will grant leave to West Virginia to file an amended complaint. The Carollo Trial involved allegations directly relevant to West Virginia's claims against GE Funding and appeals in that case are still pending. West Virginia has not engaged in dilatory conduct by choosing to review the appellate briefs before using the facts developed during the Carollo Trial as a basis for seeking leave to amend its complaint. The GE Entities have not established any other basis for finding that West Virginia has engaged in dilatory conduct by waiting until now to seek leave to file an amended complaint.

Additionally, GE Funding would not be prejudiced by the Court's granting West Virginia leave to amend its complaint at this juncture. Although GE Funding argues that it and the GE Entities would be prejudiced by being forced to defend against West Virginia's previously dismissed claims, the Court dismissed those claims subject to reinstatement upon the showing described above, which subsequent factual developments appear to satisfy. GE Funding and the GE Entities have been aware since April 28, 2011 that West Virginia's claims could be reinstated in such an eventuality, now raised by the circumstances directly before the court.

## III. *ORDER*

For the reasons discussed above it is hereby

**ORDERED** that the motion (Dkt. No. 1787) of the State of West Virginia for leave to file an amended complaint is **GRANTED.**

**SO ORDERED.**